UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | |
|---|---|
| IN RE | |
| STEVEN K. BAILEY | CASE NO. 22-10013 |
| DEBTOR | CHAPTER 13 |
| REBECCA BAILEY | PLAINTIFF |
| V. | ADV. NO. 22-01001 |
| STEVEN K. BAILEY | DEFENDANT |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS IN PART
AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    Introduction.**

This adversary proceeding is the latest chapter in contentious litigation between Defendant/Debtor Steven K. Bailey and his former spouse, Plaintiff/Creditor Rebecca Bailey. The state family court entered a divorce decree in August 2016 that allocated marital property, created obligations, and dissolved the parties' marriage. In February 2022, Debtor filed a chapter 13 bankruptcy petition and scheduled Plaintiff as an unsecured creditor. Plaintiff filed a proof of claim in Debtor's main bankruptcy case, objected to Debtor's proposed chapter 13 plan, and initiated this adversary proceeding. In this case, Plaintiff contends that Debtor owes her debts established in the divorce decree that should be excepted from his chapter 13 discharge. Plaintiff also requests other ancillary relief.

In response to Plaintiff's Amended Complaint [ECF No. 13 ("Complaint")], Debtor filed an Answer and, after the close of the discovery period, a Motion for Judgment on the Pleadings [ECF No. 35 ("Debtor's Motion")], contending that the Complaint does not adequately plead the

elements of certain causes of action alleged therein. Plaintiff filed a Motion for Partial Summary Judgment that, in part, overlaps with Debtor's Motion [ECF No. 36 ("Plaintiff's Motion")]. For the reasons that follow, the Court grants Debtor's Motion in part and denies Plaintiff's Motion.

**II.    Facts Alleged in Complaint.**

Plaintiff's Complaint and its exhibits allege the following facts.[1]

Debtor initiated divorce proceedings against Plaintiff in 2013. Throughout those proceedings, Debtor operated the parties' co-owned family roofing business, Tri-State Roofing and Home Improvement ("Tri-State").[2] The family court ordered Debtor to deposit proceeds of Tri-State's business operations into a special account while the divorce proceedings progressed. Debtor failed to do so, and the family court held him in contempt. The Decree states: "[i]n spite of repeated requests and Motions filed by [Plaintiff], [Debtor] failed to comply with said Order and did not deposit the company proceeds into a separate account as Ordered . . . ." [Decree, Findings of Fact ¶ 9.a.]

In addition to dissolving the parties' marriage, the Decree made various findings and awards of property. The Complaint alleges that Debtor owes Plaintiff $273,675 pursuant to the Decree, and that this debt should be excepted from Debtor's discharge. The Complaint also asks the Court to reject the scheduled value of real property in Debtor's main bankruptcy case, to value that property at a higher amount, and to award Plaintiff an equitable lien on that property.

---

[1] Plaintiff's original pleading attached several documents that are incorporated into the Complaint by reference: (1) the Decree; (2) a family court order finding Debtor in contempt; (3) a family court order setting an additional show cause hearing ordering Debtor to pay $250 monthly and $500 weekly to Plaintiff toward his obligations; and (4) a deed by which Debtor conveyed real property to Plaintiff. The Court may consider the Complaint's attachments in evaluating Debtor's Motion. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a [motion under Federal Rule of Civil Procedure 12(b)(6)], it may consider the Complaint and any exhibits attached thereto....").

[2] The divorce decree refers to Tri-State as "Tri-State Roofing and Remodeling Inc." [ECF No. 1, Exh. 1 (the "Decree").]

### III. Jurisdiction.

This Court has jurisdiction over this proceeding. 28 U.S.C. § 1334(a). Venue is proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (I), (K), and (O). The parties consent to the Court's entry of final orders.

### IV. Debtor's Motion for Judgment on the Pleadings.

#### A. Standard of Review.

Debtor moves to dismiss under Civil Rule 12(b)(6)[3] and/or 12(c). Civil Rule 12, applicable to adversary proceedings under Bankruptcy Rule 7012, permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Because Debtor filed his Motion after filing his Answer, Civil Rule 12(c) applies. *Lindsay v. Yates*, 498 F.3d 434, 437 n. 4, 5 (6th Cir. 2007) ("Unlike a [Civil] Rule 12(b)(6) motion, which must be brought prior to answering the complaint, a [Civil] Rule 12(c) motion may be brought '[a]fter the pleadings are closed but within such time as not to delay the trial . . . . [T]he legal standards for adjudicating [Civil] Rule 12(b)(6) and [] 12(c) motions are the same . . . .").

To survive dismissal under Civil Rule 12(b)(6) and 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do" . . . [n]or does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."'" *Feldman v. Pearl (In re Pearl)*, Ch. 13

---

[3] Unless otherwise indicated, references to the Federal Rules of Civil Procedure are referred to as "Civil Rule ___." The Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___." All chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

3

Case No. 16-20305, Adv. No. 16-2006, 2017 WL 932951, at *1 (Bankr. E.D. Ky. Mar. 8, 2017) (citation omitted).

### B. Plaintiff's § 523(a)(5) claim is dismissed.

Debtor moves to dismiss Plaintiff's claim that his $273,675 business debt owed to Plaintiff pursuant to the Decree (the "Business Debt")[4] is nondischargeable under § 523(a)(5). Section 523(a)(5) provides that "[a] discharge under [§ 1328(b)] does not discharge an individual debtor from any debt— for a domestic support obligation[.]" 11 U.S.C. § 523(a)(5). The Bankruptcy Code defines a "domestic support obligation," in relevant part, as a debt, including interest, established by a divorce decree and owed to a former spouse that is "in the nature of alimony, maintenance, or support . . . of such [] former spouse . . . ." 11 U.S.C. § 101(14A). Courts may hold the debt is a domestic support obligation regardless of whether "such debt is expressly so designated" by a divorce decree. *Id.*

The Sixth Circuit has interpreted the meaning of the phrase "in the nature of alimony, maintenance, or support" as it is used in § 101(14A): "[a] debt is 'in the nature of support' if two conditions are met: first, 'the state court or parties intended to create a support obligation'; and second, the debt has 'the actual effect of providing necessary support.'" *Thomas v. Clark (In re Thomas)*, 591 Fed. Appx. 443, 445 (6th Cir. 2015) (citation omitted). Further, courts should examine indicia of support in a divorce decree including "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as

---

[4] Plaintiff's Complaint alleges Debtor owes her $273,675 based on the Decree awarding her $45,000 as her one-half share of the Tri-State business, $160,000 as her one-half share of the proceeds Tri-State earned during the divorce proceedings, and, presumably, $68,675 in interest accrued on these debts.

4

death, remarriage, or eligibility for Social Security benefits." *In re Sorah*, 163 F.3d 397, 401 (6th Cir. 1998).

Plaintiff has failed to state a claim under § 523(a)(5). The Complaint and its attached documents lack factual allegations which, if taken as true, would plausibly support a finding that (1) the "state court or parties intended to create a support obligation" or (2) "[this] debt has 'the actual effect of providing necessary support.'" *Thomas*, 591 Fed. Appx. at 445. Indicia of support are also absent from the Complaint's allegations and its attachments. The Decree awarded Plaintiff $250 in monthly maintenance payments from Debtor separate from the Business Debt. The Business Debt is not labeled in the Decree as a support obligation and the Decree does not make this debt contingent upon any subsequent events. For these reasons, and regardless of any finding by the state court that the business supported the parties during the marriage, Plaintiff has failed to a state claim that the Business Debt should be excepted from Debtor's discharge as a domestic support obligation under § 523(a)(5). This claim is dismissed.

### C. Plaintiff's § 523(a)(4) claim is dismissed in part.

Plaintiff claims a portion of the Business Debt representing Tri-State's income generated during the divorce proceeding ($160,000 plus interest) is nondischargeable under § 523(a)(4). A debt is nondischargeable when it is for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4).

#### 1. Fraud or defalcation while acting in a fiduciary capacity.

"The term 'fiduciary' under section 523(a)(4) 'applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity.'" *In re Brady*, 101 F.3d 1165, 1173 (6th Cir. 1996) (citation omitted). "Four requirements are necessary to establish the existence of an express or technical trust: (1) an intent

5

to create a trust; (2) a trustee; (3) a trust *res*; and (4) a definite beneficiary." *In re Blaszak*, 397 F.3d 386, 391 (6th Cir. 2005). According to the Sixth Circuit:

> The three necessary elements for establishing non-dischargeable status under Section [523](a)(4) of the Bankruptcy Code [due to fraud or defalcation by a fiduciary] are: 1) the property at issue possessed an express trust status; 2) [Defendant] was personally acting in a fiduciary capacity; and 3) [Defendant] was personally responsible for the defalcation of the funds in the trust.

*In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1985). "'Defalcation' is defined as encompassing embezzlement, the 'misappropriation of trust funds held in any fiduciary capacity,' and the 'failure to properly account for such funds.'" *Id.*

Plaintiff's claim fails. Although the Complaint alleges the family court expressly required Debtor "to deposit [the business proceeds] in an escrow account and hold in a fiduciary positions [*sic*], which funds the debtor failed to so hold in trust…." [Complaint ¶ 7], these allegations directly conflict with the Decree. The Decree states that the family court had ordered Debtor to establish a "special account" and deposit the business proceeds therein; however, there is no suggestion in the Decree that the family court created an express trust for which Debtor would be the trustee. Plaintiff's allegations are nothing more than labels and conclusions—there are no facts alleged supporting the existence of an express trust or a trust *res*. Both the Complaint and Decree reference an account that was neither established nor funded. Thus, as pled, it is not plausible Plaintiff can show an express trust was created since there was no required trust *res*. Without an express trust, Debtor could not have acted in a fiduciary capacity as is required to prove a claim for nondischargeability under § 523(a)(4) due to fraud or defalcation. Plaintiff's claim is also insufficiently pled because Debtor could only have misappropriated trust funds or failed to properly account for funds held in a trust if there had

6

been funds deposited in a trust.[5] Plaintiff's § 523(a)(4) claim based on fraud or defalcation while acting in fiduciary capacity is dismissed.

### 2. Larceny.

Federal common law defines larceny "as the fraudulent and wrongful taking of the property of another with intent to convert such property to the taker's use without" the owner's consent. *In re Mitchell*, 618 B.R. 199, 209 (Bankr. W.D. Ky. 2020). The larceny exception to discharge does not require a debtor to act in a fiduciary capacity. It does require that the subject funds wrongfully came into the debtor's possession. *Id.* There is no allegation that Debtor wrongfully or unlawfully came into possession of the business income; rather, it is alleged (and the Decree confirms) Debtor co-owned and operated the business and this was authorized by the family court. The § 523(a)(4) claim on larceny grounds is dismissed as insufficiently pled.

### 3. Embezzlement.

Lastly, § 523(a)(4) excepts from a debtor's discharge a debt for embezzlement. Embezzlement under § 523(a)(4) is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady*, 101 F.3d at 1172-73 (internal citations and quotation marks omitted). A plaintiff proves "embezzlement by showing (1) that [the plaintiff] entrusted his property to the [d]efendant, (2) the [d]efendant appropriated the property for a use other than that for which it was entrusted, and (3) the circumstances indicate fraud." *Id.* Upon a review of the Complaint and its attachments, which are incorporated by reference, the Court finds that Plaintiff has plausibly alleged a cause

---

[5] The Court also notes that, according to Collier, "[t]he breach of the obligation of a spouse or former spouse under a marital separation agreement will not generally be considered as occurring while acting in a fiduciary capacity." 4 Collier on Bankruptcy ¶ 523.10 (16th ed. 2022) (citing *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395 (9th Cir. 1985)).

of action under this subsection. Accordingly, Debtor's Motion is denied as to Plaintiff's claim under § 523(a)(4) for embezzlement.

### D. Plaintiff's request for valuation may be adjudicated in Debtor's main bankruptcy case.

The Complaint alleges that certain non-marital real property is undervalued in Debtor's bankruptcy schedules. The Complaint asks that the Court reject Debtor's scheduled value and adopt a different value for the property. There is no related cause of action that could enable the Court to grant the relief requested. Thus, the Court grants dismissal on this issue. Valuation of property may be addressed in Debtor's main bankruptcy case.

### E. Conclusion.

In sum, Debtor's Motion for Judgment on the Pleadings is granted as to Plaintiff's claims under § 523(a)(5), those based on fraud or defalcation while acting in a fiduciary capacity and larceny under § 523(a)(4), and Plaintiff's request for valuation of real property. Debtor's Motion is denied as to Plaintiff's claim that a portion of the Business Debt ($160,000 plus interest) should be excepted from Debtor's discharge based on embezzlement under § 523(a)(4).

## V. Plaintiff's Motion for Partial Summary Judgment is Denied in Full.

Plaintiff's Motion seeks a judgment on her § 523(a)(4) claim and her claim for an equitable lien on Debtor's non-marital property. Plaintiff also seeks a summary judgment on a § 523(a)(6) claim—a cause of action not pled in her Complaint.

### A. Standard of Review.

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (made applicable to adversary proceedings by Bankruptcy Rule 7056). The movant bears the burden to show there are no genuine issues of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 585-87 (1986). The evidence and all permissible inferences therefrom must be viewed in the light most favorable to the party opposing the motion. *Id.*[6]

### B. Plaintiff's Motion for a summary judgment on her § 523(a)(4) claim is denied.

Following the Court's dismissal rulings set out above, Plaintiff's only remaining § 523(a)(4) claim is that the $160,000 debt owed to Plaintiff is non-dischargeable because it is a debt for embezzlement. As reviewed above, a nondischargeability claim under § 523(a)(4) for embezzled funds requires Plaintiff to prove "[Debtor's] fraudulent intent in taking [Plaintiff's] property.'" *Fox*, 370 B.R. at 116. Plaintiff relies solely on the Decree to support her claim. Debtor contends the Decree and record do not establish his fraudulent intent. The Court agrees with Debtor. Plaintiff's Motion for Summary Judgment on her § 523(a)(4) claim based on embezzlement is denied.

### C. Plaintiff's Motion for a summary judgment on her purported § 523(a)(6) claim is denied.

The Court denies Plaintiff's Motion to except the Business Debt from Debtor's chapter 13 discharge under § 523(a)(6) (addressing debts for a willful and malicious injury). Plaintiff's Complaint does not assert a §523(a)(6) claim, and Plaintiff's motion to amend her Complaint to add this cause of action was denied by separate order [ECF No. 53].[7]

### D. Plaintiff's Motion for a summary judgment on her claim for an equitable lien is denied.

Plaintiff claims the Court should impose an equitable lien on the real property deemed Debtor's nonmarital property by the family court, even though it remains deeded to her.

---

[6] The Court has considered all documents attached to Plaintiff's Motion.

[7] Even if this claim were pled in the Complaint, Plaintiff would not be entitled to a judgment as a matter of law. Plaintiff cannot claim the Business Debt is non-dischargeable under § 523(a)(6) because such claims are not excepted from a chapter 13 discharge. 11 U.S.C. § 1328(a).

Specifically, Plaintiff contends she is entitled to an equitable lien on the property to secure Debtor's performance of his debt obligations under the Decree:

> The creditor, Rebecca Bailey, objects to being required to release said property to the debtor, Steven Bailey, but not receiving from Steven Bailey the sums which the Greenup Circuit Court awarded to her in **the same judgment,** and therefore, Rebecca Bailey asserts that she is entitled under applicable law to assert an equitable lien against said house and land . . . until such time as Steven Bailey complies with the portions of the divorce decree, which also require him to pay certain sums to the Plaintiff, Rebecca [B]ailey, as aforesaid; all constituting the basis of the Plaintiff's claim for an equitable lien herein.

[Plaintiff's Motion at 7-8 (emphasis in original).]

Kentucky law recognizes two kinds of equitable liens, "[1] those that arise from a contract which shows an intention to charge property with a debt or obligation, and [2] those which are implied by a court of equity out of general considerations of right and justice." *Best v. Jenkins*, 260 S.W.2d 653, 655 (Ky. 1953). Equitable liens that are not created by contract stem from "'the relations of the parties, and the circumstances of their dealings in the particular case, [where such] creates a situation which in good conscience warrants the declaration of a lien.' Equity being what it is, the judiciary must fashion its decisions to the particular facts of each case." *In re D & B Elec., Inc.*, 4 B.R. 263, 266 (Bankr. W.D. Ky. 1980) (citation omitted). Equitable liens resulting from noncontractual circumstances "are usually based on the doctrine of estoppel" and include, for example, "vendor's liens, liens for improvements innocently made on another's property, liens on property paid for which the seller cannot deliver, or is entitled to recover, and liens on property fraudulently purchased or improved with the funds of another." *McFerran v. Louisville Title Co.'s Receiver*, 71 S.W.2d 655, 657 (Ky. 1934).

While property rights in bankruptcy are generally determined by state law[8], the United States Supreme Court has explained the general principles of equitable liens.

---

[8] *See In re Nageleisen*, 527 B.R. 258, 262 (Bankr. E.D. Ky. 2015).

10

> [A] plaintiff [may] ordinarily enforce an equitable lien only against specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds (e.g., identifiable property like a car). A defendant's expenditure of the entire identifiable fund on nontraceable items (like food or travel) destroys an equitable lien. The plaintiff then may have a personal claim against the defendant's general assets—but recovering out of those assets is a legal remedy, not an equitable one.

*Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 144-45 (2016). In other words, "where a person wrongfully dispose[d] of the property of another but the property cannot be traced into any product, the other . . . cannot enforce a constructive trust or lien upon any part of the wrongdoer's property." *Id.* at 145-146.

Plaintiff is not entitled to an equitable lien as a matter of law. Factually, this case is not analogous to those where Kentucky courts have imposed an equitable lien. This case involves reciprocal debt and property awards between former spouses arising out of a divorce decree. It is not a case where the lien claim accrues from the same subject matter as the debt obligation.

Plaintiff requests an equitable lien against Debtor's residence because Debtor owes her $205,000 plus interest for debts related to the division of the parties' jointly-owned business. Plaintiff has not explained how these funds are traceable to any fund or real property Debtor owns. Plaintiff does not allege, nor does the Decree find, that Debtor used the $205,000 to purchase his residence, or any other identifiable property. It is not appropriate to grant Plaintiff an equitable lien under the facts alleged.

Finally, Plaintiff has not explained how the Court is authorized to recognize an equitable lien in Plaintiff's favor on property currently deeded to her.

Plaintiff's Motion for a summary judgment on her equitable lien claim is denied.

11

VI. **Conclusion.**

For the foregoing reasons, it is ORDERED:

1. Debtor's Motion for Judgment on the Pleadings [ECF No. 35] is GRANTED IN PART as follows:

   a. Plaintiff's § 523(a)(5) claim is DISMISSED;

   b. Plaintiff's § 523(a)(4) claim is DISMISSED *except that* Plaintiff's claim may proceed under this provision on embezzlement grounds; and

   c. Plaintiff's valuation request is DENIED.

2. Plaintiff's Motion for Partial Summary Judgment [ECF No. 36] is DENIED.

12

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, September 26, 2022**
(tnw)